UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLDO X GARZA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-10-100 |
| | § | |
| SMITH INTERNATIONAL, INC.; dba | § | |
| WIRELINE CONTROL SYSTEMS, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

On this day came on to be considered Plaintiffs' Motion for Partial Summary Judgment (D.E. 15) and Defendants' Motion for Partial Summary Judgment (D.E. 17). For the reasons stated herein, the Court DENIES Plaintiffs' Motion for Partial Summary Judgment (D.E. 15), GRANTS Defendants' Motion for Partial Summary Judgment (D.E. 17), and orders that damages in this action shall be calculated by the fluctuating workweek method described in 29 C.F.R. § 778.114.

### I.    Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) as Plaintiffs bring suit pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").

### II.    Background

Plaintiffs filed this Motion for Partial Summary Judgment on November 29, 2010, seeking this Court's ruling on a narrow legal issue, specifically the proper method for calculating the amount of unpaid overtime wages owed to the Plaintiffs, i.e., damages. (D.E. 15.) Defendants filed their own Motion for Partial Summary Judgment on the same issue, (D.E. 17),

and a Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment on December 20, 2010. (D.E. 16.)

### III. Discussion

#### A. Summary Judgment Standard

Summary judgment is appropriate in a case where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Scott v. Harris, 550 U.S. 372, 380 (2007). Here, the Parties do not dispute the material facts; rather, a purely legal issue is in dispute.

#### B. Proper Calculation of Damages

##### 1. Arguments

Plaintiffs assert that the proper method for calculating the amount of unpaid overtime wages is to divide the total wages paid to them each week by 40 hours to arrive at the regular rate. The overtime rate is then one and a half times the regular rate. That overtime rate is then multiplied by all hours worked by each Plaintiff in excess of 40 hours per week to arrive at the proper amount owed. Plaintiffs rely largely upon In re Texas EZPawn Fair Labor Standards Act Litigation, 633 F. Supp. 2d 395 (W.D. Tex. 2008), a decision on point. (D.E. 15.)

Plaintiffs' preferred method of calculating damages is in contrast to the method established in 29 C.F.R. § 778.114, known as the "fluctuating workweek method," advocated by Defendant. This method involves "dividing the actual hours worked each workweek into the fixed salary. This results in a determination of the regular rate of pay … for that workweek. The overtime payment for that week is then determined by multiplying all hours over 40 in the workweek by 1/2 the regular rate for that workweek. The amount due each Plaintiff will be the

sum total of each workweek's overtime during the … period of limitations." <u>Blackmon v. Brookshire Grocery Co.</u>, 835 F.2d 1135, 1138-39 (5th Cir. 1988); <u>see</u> 29 C.F.R. § 778.114.[1]

Plaintiffs contend that the method provided in Section 778.114 is inapplicable in a misclassification case, such as this one. Plaintiffs argue that <u>Blackmon v. Brookshire Grocery Co.</u>, the primary Fifth Circuit decision to have applied Section 778.114 in a misclassification case, was wrongly decided and is inconsistent with the purposes of the FLSA. (D.E. 15 at 7-8.)

Defendants, in contrast, argue that the proper method for calculating damages is set forth in Section 778.114, as established in <u>Blackmon</u>. (D.E. 16.) Defendants point out that other courts, including this Court, have followed <u>Blackmon</u> and applied Section 778.114 in misclassification cases. (D.E. 16 at 5.)

2.   Analysis

The FLSA overtime pay provision provides in part, "no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than

---

[1] 29 C.F.R. § 778.114(a) provides:

> (a) An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. **Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.**

29 C.F.R. § 778.114 (emphasis added).

one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Plaintiffs allege a violation of this provision based upon their misclassification as employees exempt from overtime pay. (D.E. 1.) At issue here is the proper method of calculating unpaid overtime wages, or damages, should liability be found.

This issue is determined by the Fifth Circuit's decision in <u>Blackmon v. Brookshire Grocery Co.</u> In that case, plaintiffs received a fixed weekly salary and were aware that the compensation would not fluctuate based upon the hours worked. Having worked long hours on a fixed salary, plaintiffs filed suit seeking overtime compensation, arguing that they were misclassified as exempt employees. 835 F.2d at 1137. The district court found that the plaintiffs were non-exempt employees and as such were entitled to overtime compensation under 29 U.S.C. § 207. The Fifth Circuit affirmed this finding, but reversed the district court's computation of damages. The court explained:

> The trial court incorrectly computed the weekly overtime premium. The court divided the weekly salary by 40 hours, multiplied that result by 1.5, and then multiplied again by the number of hours worked over 40 in the fluctuating workweeks. That method is inappropriate when the employer and employee have agreed on a fixed salary for varying hours. 29 C.F.R. § 778.114(a); 29 C.F.R. § 778.109.
>
> The correct method calls for dividing the actual hours worked each workweek into the fixed salary. This results in a determination of the regular rate of pay, Section 6 compensation, for that workweek. The overtime payment for that week is then determined by multiplying all hours over 40 in the workweek by 1/2 the regular rate for that workweek. The amount due each plaintiff will be the sum total of each workweek's overtime during the two-year period of limitations.

835 F.2d at 1138-39.[2]

---

[2] Subsequently, the Fifth Circuit in <u>Cox v. Brookshire Grocery Co.</u>, 919 F.2d 354, 356-57 (5th Cir. 1990) again confirmed that "[o]ur court directed that overtime be calculated in this manner in <u>Blackmon</u>," although district courts have recognized that <u>Cox</u> incorrectly recited the <u>Blackmon</u> rule as requiring multiplication by "one and one half the number of overtime hours" rather than simply "one half." See <u>Saizan v. Delta Concrete Products Co., Inc.</u>, 209 F. Supp. 2d 639, 640 (M.D. La. 2002).

This Court must follow the Blackmon ruling, as it has done previously. In Yaklin v. W-H Energy Servs. Inc., No. 2:07-cv-422, defendants argued in their Joint Pretrial Order that "Plaintiff's salary should be divided by the total number of hours worked in a given workweek to yield the regular rate of pay, and then overtime hours are then compensated at a 1/2 of the regular rate." (2:07-cv-422, D.E. 129 at 7 (citing 29 C.F.R. § 778.114(a); Cox v. Brookshire Grocery Co., 919 F.2d 354 (5th Cir. 1990); Blackmon v. Brookshire Grocery Co., 835 F.2d 1135 (5th Cir. 1988).) This Court agreed, stating that "Plaintiff's regular rate of pay and overtime rate shall be calculated as set forth by Defendants in the parties' Joint Pretrial Order." (2:07-cv-422, D.E. 147.); see also Civil Action No. 2:09-cv-326, Tolentino, et al. v. C&J Spec-Rent Services (July 12, 2010).

Other courts within this District and elsewhere in the Fifth Circuit have consistently followed Blackmon, even if they disagree. Villegas v. Dependable Const. Servs., Inc., 2008 WL 5137321, at *28 (S.D. Tex. Dec. 8, 2008) ("[B]ecause Fifth Circuit precedent is binding on this court, and Blackmon remains good law, the Court will apply what it believes to be an erroneous standard to the damages calculation."); Saizan v. Delta Concrete Products Co., Inc., 209 F. Supp. 2d 639, 641 (M.D. La. 2002) ("The Court chooses and is indeed bound by decisions rendered by the Fifth Circuit [Blackmon] … Therefore, if liability is found in this case, the Court will use the fluctuating workweek formula to compete the overtime wages due to the plaintiffs."); Donihoo v. Dallas Airmotive, Inc., 1998 WL 47632, at *6 (N.D. Tex. Feb. 2, 1998) ("[T]he Fifth Circuit has determined that when an employee is improperly classified as exempt, a formula based on the fluctuating workweek standard should be applied.") (citing Blackmon).

Simply put, this Court is without the authority to ignore or rule contrary to Blackmon. The Court must comply with Blackmon and apply the flexible workweek method to determine damages in this case should liability be found, as provided in 29 C.F.R. § 778.114.

## IV.     Conclusion

For the reasons stated above, the Court DENIES Plaintiffs' Motion for Partial Summary Judgment (D.E. 15), GRANTS Defendants' Motion for Partial Summary Judgment (D.E. 17), and orders that damages in this action shall be calculated according to the flexible workweek method described in 29 C.F.R. § 778.114.

SIGNED and ORDERED this 2nd day of February, 2011.

_____
Janis Graham Jack
United States District Judge